### RELIABLE STEAM-POWER CO. *v.* SOLIDARITY WATCH-CASE CO.

(*City Court of Brooklyn, General Term.* June 23, 1890.)

1. LANDLORD AND TENANT—CONSTRUCTION OF LEASE.
   In a lease of the top floor of a building it was provided that the landlord should furnish steam-power every working day of the year, "excepting such time as may be necessary for repairs, * * * and the accumulated delays" thereof shall not exceed 12 working days each year, "except in case of accident to landlord's plant by explosion or otherwise, in which case the tenant may terminate this lease." The boilers and engine were in a separate building, and the lessee took power from the main shaft by its own counter-shaft. *Held,* that an injury caused to the landlord's machinery by a fire which originated in the demised premises was not "by explosion or otherwise," and did not authorize the termination of the lease.

2. SAME—TERMINATION OF LEASE.
   The floor of the demised premises and the tenant's own belting and shafting were so injured as to require about three weeks for repairs, but the landlord could have been ready to furnish power within a few days. *Held* that, even though the destruction were held to have occurred "by explosion or otherwise," the tenant was not authorized to terminate the lease.

Appeal from trial term.

Action by the Reliable Steam-Power Company against the Solidarity Watch-Case Company for rent. The court directed a verdict for plaintiff, from which, and the judgment thereon, defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Chas. H. Machin,* for appellant.   *J. M. & H. N. Van Cott,* for respondent.

VAN WYCK, J. Plaintiff leased to defendant, for a fixed term and price, top floor of a building with steam-power. The engine and boilers which supplied the power were located in an adjoining building. A fire occurred in the demised premises, and a few days thereafter defendant notified plaintiff of its intention to move out, which was done. To this action for rent, for a period subsequent to the complete repair of premises, defendant's defense is that it vacated premises and terminated the lease, as it had a right to do. The court directed a verdict for plaintiff, and from the judgment entered thereupon this appeal was taken. The parties to this lease, recognizing that there were two species of property let, which were liable to such injuries from particular causes as would render them useless, contracted with reference thereto. There is always a chance of destruction of buildings from fire, and steam plants from explosion. The ninth paragraph of the lease is the usual fire clause, but there is no contention that there was a total destruction of the building therefrom; therefore this gave defendant no right to terminate the lease. This brings us to the consideration of the first paragraph of this instrument, which gave defendant, under certain circumstances, the right to terminate the lease, which reads as follows: "The landlord agrees to furnish said steam-power, live steam, and water for all work days, viz., every day in the year excepting Sundays and legal holidays, for ten hours daily, except on Saturdays, when they shall be nine hours, between the usual hours of morn-

ing and afternoon; excepting, also, such time as may be necessary for repairs and alterations in landlord's plant; and the landlord agrees that the accumulated delays for repairs on engines, boilers, or machinery shall not exceed twelve of the work days in each year, except in case of accident to landlord's plant by explosion or otherwise, in which case the tenant may terminate this lease; but it is hereby agreed that the landlord shall not be held liable for any loss to tenant caused by such accident."

Such steam-power plant consisted of engine and boilers placed in another building, and the shafting and belting which communicated the power to this top floor, and also 1,600 feet of two-inch pipe, which conveyed the steam from the boiler through the building. From the main shaft defendant received or took power by means of its own counter-shaft and belts. This top floor and defendant's own shafting and belts were so injured by fire as to render it impossible for defendant to use them till such damages were repaired, the building by plaintiff, and this shafting and belting by defendant, which required about three weeks. Defendant could have been in no condition to take power or steam for that time. We must not forget that some of the belting and shafting that were injured did not form a part of plaintiff's plant. The injury to plaintiff's plant was of a trifling character, viz., the damage to several belts by water or fire, which could have been replaced in a day, if needed, and were actually replaced within three days; and the damage to 20 feet of two-inch pipe out of 1,600 feet, which could have been replaced immediately, and would have been ready for use as soon as defendant would have needed it if defendant had not vacated the premises. Defendant was not, and could not have been, delayed in carrying on its business by injury to plaintiff's steam plant. The delay was caused solely by the injury to the building itself. So far as power and steam were concerned, the plaintiff stood ready to supply them to defendant as soon as it needed them, or was ready to receive them. What do the words "accident by explosion," used in connection with a steam boiler or engine mean? "Explosion" is defined by Webster to be "a bursting or sudden expansion of any elastic fluid with force and a loud report." It is manifest the parties to the lease had in mind the inherent danger of steam-boilers to explosion from the expansion of the steam. There is not the slightest evidence to show that any such explosion injured the plant referred to in this paragraph. The defendant's counsel insisted that any accident to the plant by explosion gave it the right to terminate the lease. We cannot agree with this construction of that clause, which means and says that, if the landlord shall fail to supply power or steam for every work day of the year except 12 days necessary for repairs to plant, the lease shall remain in force, but the landlord shall be liable to tenant for such failure unless the time shall be necessarily prolonged beyond 12 days to make repairs of injuries caused by an accident from explosion, always thought of in the use of steam, in which case the landlord shall have more than the 12 days to make such repairs without liability to tenant, though in that case the tenant shall have the option of electing the lease ended. Defendant failed to establish, in our opinion, the right to end this lease for injuries to the plant—*First*, because the injuries were not caused by an explosion, within the intent of the lease; and, *secondly*, even if the injuries were caused by an explosion, the defendant has not shown that plaintiff failed for more than 12 work days to give defendant the power and steam required and needed. We think the judgment and order ought to be affirmed, with costs.